| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | EDWARD G. BURG, Bar No. 104258 |
| 2 | eburg@manatt.com |
| | VIRAL MEHTA, Bar No. 261852 |
| 3 | vmehta@manatt.com |
| | 2049 Century Park East, Suite 1700 |
| 4 | Los Angeles, CA 90067 |
| | Telephone:  (310) 312-4000 |
| 5 | Facsimile:   (310) 312-4224 |
| 6 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION

| | |
|---|---|
| FFV COYOTE LLC, a Washington limited liability company; EMC7, LLC, a Washington limited liability company; ERIC F. BONETTI; DAVID R. BONETTI; GLEN C. KRAL and SUSAN S. KRAL, as Trustees of the Kral 1994 Trust; BENSON GROUP LLC, a California limited liability company; JEAN BEU, as Trustee of the Jean Beu California Property Trust; LEE LESTER/BAILEY LLC, a California limited liability company; and F.R. LESTER CAPITAL, LLC, a California limited liability company | Case No.  5:22-cv-00837-VKD<br><br>Hon. Virginia K. DeMarchi<br><br><br><br><br>Date:    March 21, 2023<br>Time:    10:00 a.m.<br>Place:   Courtroom 2, Fifth Floor |
| Plaintiffs, | |
| vs. | |
| CITY OF SAN JOSE, a municipal corporation; DOES 1 through 10, | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STAY ACTION FOLLOWING**

**SETTLEMENT CONFERENCE; DECLARATION OF EDWARD G. BURG**

**NOTICE OF MOTION AND MOTION TO STAY ACTION FOLLOWING SETTLEMENT CONFERENCE**

TO DEFENDANT CITY OF SAN JOSE AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 21, 2023 at 10:00 a.m., in Courtroom 2 of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs FFV Coyote LLC, EMC7, LLC, Eric F. Bonetti, David R. Bonetti, Glen C. Kral and Susan S. Kral, as Trustees of the Kral 1994 Trust, Benson Group, LLC, Jean Beu, as Trustee of the Jean Beu California Property Trust; Lee Lester/Bailey, LLC, and F.R. Lester Capital, LLC (collectively, the "Owners") will move the Court for an order staying this action for six months, with commensurate extensions of the future case deadlines set forth in the Court's Case Management Order, (Dkt. No. 35) in light of the settlement conference held on January 25, 2023.

This Motion is based on the grounds that a stay will promote economy of time and effort for the Court, for counsel, and for the litigants. Specifically, at the parties' initial Settlement Conference before Magistrate Judge Susan van Keulen on January 25, 2023, Magistrate Judge van Keulen set certain deadlines and indicated that she will set a follow-up Settlement Conference in approximately six months. Without revealing the substance of the discussions at the initial Settlement Conference, a six-month stay in line with the schedule set by Magistrate Judge van Keulen will allow a pending regulatory land use process to proceed toward consideration of potential alternative uses of the Owners' property. The pending regulatory land use process and the parties' next Settlement Conference may lead to a full resolution of this matter and avoid the need for further litigation.

The Motion is brought pursuant to the Court's inherent authority to manage the cases before it and the case law cited in the attached Memorandum of Points and Authorities. The Motion will based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration

1  of Edward G. Burg, on all records and pleadings on file in this matter, and on all such
2  other materials as may be offered at or before the hearing on this Motion.
3      This Motion is made following failed efforts by counsel for the Owners and
4  counsel for Defendant City of San Jose ("City") to resolve this issue without the need for
5  motion practice.

Dated: February 8, 2023        MANATT, PHELPS & PHILLIPS, LLP

*/s/ Edward G. Burg*
Edward G. Burg
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

This is a property rights case brought by the owners of land in North Coyote Valley in San Jose. The complaint asserts claims for a regulatory taking and violations of the Owners' constitutionally protected rights. As detailed more fully below, the Owners respectfully request that this action be stayed for six months—a period of time that ties in with a follow-up settlement conference to be held before Magistrate Judge van Keulen and which allows appropriate time for a pending regulatory process to progress. The Owners also respectfully request commensurate extensions of the future case deadlines set forth in the Court's Case Management Order. (Dkt. No. 35.)

## I.  BACKGROUND FACTS

The Court issued its Case Management Order on November 3, 2022. (Dkt. No. 35.) In the Case Management Order, the Court referred the parties to Magistrate Judge Susan van Keulen for a settlement conference. The parties held their initial Settlement Conference before Magistrate Judge van Keulen on January 25, 2023. (Dkt. No. 41.) At the conclusion of the conference, Magistrate Judge van Keulen set certain deadlines by which (i) the Owners must respond to certain inquiries made by the City, (ii) the City must respond to a Preliminary Land Use Review Application filed by the Owners with the City, and (iii) the parties must submit (by February 28, 2023) a confidential joint status report to Magistrate Judge van Keulen. (*Id.*; Declaration of Edward G. Burg ("Burg Decl."), ¶ 2.) Magistrate Judge van Keulen indicated that she will set a follow-up settlement conference approximately six months after the parties' joint status report is filed on February 28. (*Id.*)

Without revealing the substance of the discussions at the Settlement Conference, the proposed six month stay lines up with Magistrate Judge van Keulen's follow-up settlement conference and allows appropriate time for the regulatory process to progress regarding consideration of potential alternative uses of the Owners' property. (Burg Decl., ¶ 2.)

## II. ARGUMENT

### A. Legal Standard

The court has inherent authority to manage the cases before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance."); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).

Stays of proceedings in federal court are committed to the discretion of the trial court and "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion.").

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268 (upholding stay of action pending proceeding before the Civil Aeronautics Board); *Manago v. Davey*, 1:16-cv-00399-LJO-GSA-PC, 2017 U.S. Dist. LEXIS 156665 at *3-4 (E.D. Cal. Sept. 25, 2017) (granting request for stay pending future settlement conference).

### B.    A Six-Month Stay Is Warranted

A six-month stay is appropriate given the current posture of the action. The parties have engaged in meaningful settlement negotiations and the Owners have initiated a regulatory land use process to proceed toward consideration of potential alternative uses of the Owners' property. If the regulatory process ultimately succeeds, the Owners believe it would obviate the need to pursue their claims in this action. Moreover, the requested length of the stay – six months – lines up with the timing of the follow-up settlement conference with Magistrate Judge van Keulen and is the appropriate amount of time for the regulatory process to progress—i.e., the Owners do not seek unnecessary delay but, rather, an orderly and commonsense disposition of their claims in a manner which will promote economy of time and effort for the Court, for counsel, and for the litigants.

A grant of the requested stay will not prejudice the City. The City will have the opportunity to take any necessary discovery or bring any dispositive motions at the appropriate time. This is also a property rights case relating to a regulatory taking, as well as the violation of certain constitutional rights. There is less risk of memories fading and the like, as the pertinent facts are largely memorialized in public documents. Indeed, at one point during the meet and confer process, the City was amenable to a three-month stay. However, the City then changed its mind, which necessitated this motion. (Burg Decl., ¶ 3.)

At bottom, pausing the litigation for six months, to allow sufficient time for Magistrate Judge van Keulen to assess the progress of the regulatory process, is appropriate and may obviate the need for further and unnecessary litigation.

### III.    CONCLUSION

For the reasons set forth herein, the Owners respectfully request that the Court stay this action for six months, with commensurate extensions of the future case deadlines set forth in the Court's Case Management Order. (Dkt. No. 35.)

Dated:  February 8, 2023         MANATT, PHELPS & PHILLIPS, LLP


                                 /s/ *Edward G. Burg*
                                 Edward G. Burg
                                 Attorneys for Plaintiffs

# DECLARATION OF EDWARD G. BURG

EDWARD G. BURG declares:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and am an attorney with Manatt, Phelps & Phillips, LLP, counsel of record for plaintiffs ("Owners") in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would testify competently to these facts.

2. The parties held their initial Settlement Conference before Magistrate Judge Susan van Keulen on January 25, 2023. (Dkt. No. 41.) At the conclusion of the conference, Magistrate Judge van Keulen set certain deadlines by which (i) the Owners must respond to certain inquiries made by the City, (ii) the City must respond to a Preliminary Review Application filed by the Owners with the City, and (iii) the parties must submit by February 28, 2023 a confidential joint status report to Magistrate Judge van Keulen. In addition, Magistrate Judge van Keulen indicated that she will set a follow-up settlement conference approximately six months after the parties' joint status report is filed on February 28. Without revealing the substance of the discussions at the Settlement Conference, the proposed six month stay lines up with Magistrate Judge van Keulen's follow-up settlement conference and allows appropriate time for the regulatory process to progress regarding consideration of potential alternative uses of the Owners' property.

3. Following the settlement conference, I met and conferred telephonically and via email with counsel for the City of San Jose, Margo Laskowska, Sr. Deputy City Attorney, several times regarding the Owners' request for a stay. Although I understood that the City was amenable to a joint submission requesting a stay—but with the City requesting a stay of 90 days rather than six months—ultimately we were unable to agree on a joint submission to the Court. As a result, on February 6, I emailed Ms. Laskowska and informed her that Owners would be making a motion seeking a six-

1 | month stay of this action.

2 |     I declare under penalty of perjury under of the laws of the United States that the
3 | foregoing is true and correct and that this declaration was executed at Los Angeles,
4 | California on the 8th day of February, 2023.

                                          */s/ Edward G. Burg*
                                          EDWARD G. BURG