UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FFV COYOTE LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CITY OF SAN JOSE,<br><br>   Defendant. | Case No.  22-cv-00837-VKD<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 42 |

Plaintiffs ask the Court to stay this action for six months to allow for progress in a pending regulatory process and for further settlement negotiations. Dkt. No. 42 at 1. The City opposes the motion. Dkt. No. 43. The Court finds this motion is suitable for decision without oral argument. Civil L.R. 7-1(b).

A district court has inherent authority and discretion to stay proceedings in the interest of the conservation of resources "for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In appropriate circumstances, a court may stay an action "pending resolution of independent proceedings which bear upon the case . . . whether the separate proceedings are judicial, administrative, or arbitral in character." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Resolution of the separate proceedings need not be controlling of the action before the court. *Id.*

When a court exercises its discretion to grant or deny a stay it must weigh competing interests including: (1) "the possible damage which may result from the granting of stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and, (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Id.* (quoting *Landis,* 299 U.S. at 255). And, generally, stays should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Plaintiffs advise that they filed a preliminary land use review application with the City proposing potential alternative uses of the property at issue, and that if they ultimately obtain approval for an alternative use of the property, they may not need to proceed with this action. Dkt. No. 42 at 3, 6. In addition, plaintiffs say that the parties plan to hold a further settlement conference in approximately six months. *Id.* at 3. Plaintiffs do not claim they will suffer hardship or inequity if required to proceed, but they argue that a stay will promote "an orderly and commonsense disposition of [plaintiffs'] claims in a manner which will promote economy of time and effort for the Court, for counsel, and for the litigants." *Id.* at 6. The City opposes a stay. Dkt. No. 43. It notes that, since the filing of the motion, the City has denied plaintiffs' preliminary land use review application, so there is no longer a pending regulatory process. *Id.* at 2, Ex. While the City acknowledges the parties' plans for further settlement discussions, it argues that it should be able to conduct discovery so that it may "develop its defense in a timely manner" in parallel with settlement efforts. *Id.* at 2. Plaintiffs did not reply to the City's opposition.

The Court agrees that a stay is not warranted here. As there is no pending regulatory process or any other development in the case that is likely to lead to a prompt resolution of this dispute, the action should proceed according to the case management schedule (Dkt. No. 35). Plaintiffs will not be prejudiced by denial of a stay, whereas the City has an interest in expeditious resolution of the litigation that may be prejudiced by a stay.

2

1   Plaintiffs' motion is denied.  The hearing set for March 21, 2023 is vacated.

2   **IT IS SO ORDERED.**

3   Dated:

VIRGINIA K. DEMARCHI
United States Magistrate Judge